**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 24 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAFAEL MORA-CONTRERAS; SHANE STAGGS,

Plaintiffs-Appellants,

v.

COLETTE PETERS; et al.,

Defendants-Appellees.

No.   20-35476

D.C. No. 6:18-cv-00678-SB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Stacie F. Beckerman, Magistrate Judge, Presiding

Submitted June 10, 2021[**]
Portland, Oregon

Before:  WARDLAW, TALLMAN, and HURWITZ, Circuit Judges.

Rafael Mora-Contreras and Shane Staggs (Plaintiffs) appeal from the district

court's judgment dismissing their 42 U.S.C. § 1983 claims against various Oregon

Department of Corrections employees.  We have jurisdiction pursuant to 28 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

1.     The district court properly dismissed Plaintiffs' Fifth Amendment due process claims. Transfer to a segregation unit implicates a protected liberty interest only if the conditions in the unit "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). This context- and fact-specific inquiry requires comparing the conditions in the segregation unit to the conditions in general population within the specific prison. *See Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996). Here, the operative second amended complaint does not allege any facts about the conditions in general population or that conditions in the segregation units arise to an "atypical and significant hardship" relative to the general population. *See Resnick v. Hayes*, 213 F.3d 443, 445 n.3, 448–49, (9th Cir. 2000) (finding no protected liberty interest where complaint did not allege that conditions were worse in the SHU than in administrative segregation or general population).

Plaintiffs also do not allege that they were denied the procedural protections described in *Wolff v. McDonnell*, 418 U.S. 539, 555–56 (1974). Plaintiffs do allege facts that could support a fabrication of evidence claim under *Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001), but without first establishing a protected liberty interest, the fabrication of the evidence claim fails. *See Costanich*

2

*v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1115 (9th Cir. 2010) (deliberately fabricating evidence violates due process "during civil investigations *which could result in the deprivation of protected liberty or property interests*" (emphasis added)).

2. The district court properly dismissed Plaintiffs' Eighth Amendment claims. Plaintiffs assert that extended solitary confinement is inherently cruel and unusual punishment under the Eighth Amendment. This argument is contrary to the law of the Supreme Court and this circuit. *See e.g.*, *Hutto v. Finney*, 437 U.S. 678, 686–88 (1978); *Davis v. Ayala*, 576 U.S. 257, 289–90 (2015) (Kennedy, J., concurring); *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1316 (9th Cir.), *opinion amended on denial of reh'g*, 75 F.3d 448 (9th Cir. 1995).

3. The district court properly found that the defendants were entitled to qualified immunity on Plaintiffs' First Amendment compelled speech and retaliation claims. Plaintiffs allege that their First Amendment rights not to be compelled to inform or falsely testify were violated, and that they were unlawfully retaliated against for exercising those rights. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (explaining the elements of a First Amendment retaliation claim in the prison context). But those rights were not established in any circuit at the time of the alleged incidents, and still are not established in our circuit. *See Burns v. Martuscello*, 890 F.3d 77, 81, 93 (2d Cir. 2018) (establishing,

as a matter of first impression, that "the First Amendment protects both a prisoner's right not to serve as an informant, and to refuse to provide false information to prison officials," but noting that "neither the Supreme Court nor any other circuit court" had previously found those rights exist).

**AFFIRMED.**